UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE LENAY WILLIAMS,

                Plaintiff,           Case Number 22-11279
v.                                                        Honorable David M. Lawson
                                                              Magistrate Judge Patricia T. Morris
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING COMPLAINT**

Plaintiff Nicole Lenay Williams, a 46-year-old woman, says that she cannot work because of diabetes, arthritis, and chronic anemia. Her application for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act were denied after an administrative hearing, and she filed this case seeking review of the Commissioner's decision. The case was referred to United States Magistrate Judge Patricia T. Morris under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge (ALJ). The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morris filed a report on November 22, 2022, recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

Williams, who is now 46 years old, filed her applications for disability insurance benefits and supplemental security income on August 9, 2019, when she was 42. Williams never completed high school and has no other vocational education or training. She previously worked as a home attendant, child monitor, and cosmetologist. She alleges that she now is disabled due to a combination of symptoms caused by her diabetes, arthritis, and chronic anemia. The ALJ found additional severe impairments, as explained below. Williams's applications for benefits allege disability beginning June 10, 2019.

Williams's applications for disability benefits and supplemental security income initially were denied on November 19, 2019. She timely filed a request for an administrative hearing, and on April 5, 2021 appeared before Administrative Law Judge Collen M. Mamelka. On April 21, 2021, ALJ Mamelka issued a written decision in which she found that Williams was not disabled. On April 14, 2022, the Appeals Council denied Williams's request for review of the ALJ's decision. On June 9, 2022, the plaintiff filed her complaint in this Court seeking judicial review of the denial of her requested benefits.

ALJ Mamelka determined that Williams was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one of the analysis, the ALJ found that Williams had not engaged in substantial gainful activity since June 10, 2019. At step two, she found that Williams suffered from the severe impairments of diabetes mellitus with hyperglycemia and retinopathy, gastroparesis, anemia, osteoarthritis, sacroiliac joint dysfunction, anxiety, and depression. The ALJ also found that Williams's other impairments — back pain with sciatica, headaches, hypertension, hyperlipidemia, a leg lipoma, sleep apnea, metabolic syndrome, renal stones, and abnormal uterine bleeding — were not severe. She found mild limitations in understanding, remembering, and applying information and

moderate limitations in interacting with others; concentration, persistence, and pace; and adapting and self-management. At step three, the ALJ found that none of Williams's impairments, alone or in combination, met or equaled a listing in the regulations.

Before proceeding further, the ALJ determined that Williams retained the functional capacity to perform a limited range of light work as defined in 20 C.F.R §§ 404.1567(b) and 416.967(b), with certain limitations. Those limitations were that Williams (1) frequently can balance and stand or walk up to four hours in an eight-hour workday; (2) occasionally can climb ramps or stairs, stoop, kneel, crouch, and crawl; (3) never can climb ladders, ropes, or scaffolds; (4) never can be exposed to unprotected heights, dangerous moving machinery, or vibration; (5) can perform only routine tasks involving occasional simple work-related decisions and routine workplace changes; and (6) occasionally can interact with the general public.

At step four of the analysis, the ALJ found that Williams was unable to perform her past relevant work as a home attendant, child monitor, or cosmetologist, which ranged from sedentary to exertionally heavy as performed.

At step five, the ALJ relied on the testimony of a vocational expert (VE), who testified that Williams could perform a significant number of jobs in the national economy, including exertionally light, unskilled work as a router (88,000 jobs), inspector/hand packager (20,000 jobs), and collator/operator (28,000 jobs). Based on those findings — and noting that, if the plaintiff had the capacity to perform a full range of light work, then a "not disabled" finding would have been mandated by Medical Vocational Rule 202.17 (which she used as a framework for her decision) — the ALJ concluded that Williams was not disabled within the meaning of the Social Security Act.

In her motion for summary judgment, Williams posed three arguments. First, she disputed the ALJ's conclusion that she can perform exertionally-light work because she is limited to walking or standing for only four hours per day. She argues that light work generally requires walking and standing for six hours a day, which is inconsistent with her residual functional capacity (RFC). Second, Williams contends that the ALJ improperly discounted her subjective claims of limitation related to her excessive uterine bleeding, headaches, and back pain. And third, she contends that the ALJ's step-two analysis was flawed because it did not reflect that her headaches and back pain impairments were severe, and that the ALJ failed to consider the combination of her severe and non-severe impairments together, which would have directed a disability finding.

The magistrate judge rejected those arguments. She found that the RFC determined by the ALJ did not include a full range of light work. Instead, the ALJ limited the plaintiff's RFC to standing and walking for four hours per day. The magistrate judge found that substantial evidence supports the ALJ's RFC determination. The VE testified that Williams's standing and walking limitations would allow her to work in at least 136,000 light, unskilled positions, which the magistrate judge found indisputably to be a significant number of jobs. Moreover, the Sixth Circuit has upheld the denial of benefits in similar circumstances where applicants could stand or walk for only four hours a day, warning plaintiffs not to confuse "the minimum requirements needed to perform *all* light work with the ability to do *some* light work." *See Blackburn v. Comm'r of Soc. Sec.*, 748 F. App'x 45, 48 (6th Cir. 2018).

The magistrate judge also found that the ALJ provided sufficient rationale for rejecting Williams's professed degree of limitation due to headaches, back pain, and anemia. She concluded that the ALJ did not rely on the durational requirement when making the step-two severity

impairment determination. And she suggested that the ALJ provided an accurate summary of Williams's allegations of limitations and the reasons for accepting only a portion of them — namely, that Williams's own medical records do not support Williams's allegations. Treating records indicate that Williams was not limited by her diabetes, suffered only mild osteoarthritis, exhibited normal gait and muscle strength, and successfully managed sporadic headaches with medication. In addition, Williams herself testified that her headaches were manageable, further supporting the ALJ's finding that the headaches did not have more than a minimal effect on Williams's ability to work.

Finally, the magistrate judge found that substantial evidence supports the RFC crafted by the ALJ. She concluded that the ALJ properly acknowledged Williams's physical limitations by restricting her to a circumscribed range of light work accompanied by postural and environmental limitations. Those limitations adequately address Williams's reported back pain, the magistrate judge found. The magistrate judge also found that it was of little consequence whether the ALJ categorized certain impairments as non-severe at step two of the sequential analysis, because the ALJ took both severe and non-severe impairments into account at the remaining steps.

Williams filed two objections to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the Court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

First Objection

In her first objection, Williams repeats her argument that the ALJ (and the magistrate judge) erred by finding that Williams could perform a full range of light work, which required standing and walking for more than four hours per day. But the plaintiff adds another argument: that the three jobs listed by the VE — router, inspector/hand packager, and collator — called for an exertional capacity that exceeded the RFC found by the ALJ. Williams contends that, according to the Dictionary of Occupational Titles, all three jobs require the ability both to perform significant standing and walking for eight hours a day, and to miss no more than one day of work per month. She says that neither her testimony nor her medical record prove that she has either ability.

This objection states too little and too much at once. It is too little because the contention that the plaintiff is incapable of walking or standing for six hours per day fails to account for the ALJ's RFC finding that the plaintiff could perform only a *limited* range of light work. The magistrate judge thoroughly vetted that argument and decided it correctly.

The argument states too much because the plaintiff's challenge to the work requirements listed in the *Dictionary of Occupational Titles* (*DOT*) was never raised until she filed her objections to the report and recommendation (R&R). Predictably, the magistrate judge did not discuss this issue because it was not presented to her. In *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), the Sixth Circuit held that new issues raised for the first time in objections to reports of magistrate judges are forfeited. So it is here.

Moreover, the *DOT* is not the only source of acceptable information on the characteristics and requirements of the various jobs in the national economy. *See* 20 C.F.R. § 404.1566; *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994) (noting that "[i]t would be manifestly inappropriate to make the *Dictionary of Occupational Titles* the sole source of evidence concerning gainful employment"). The ALJ may rely on a vocational expert found to be credible even if the witness' conclusions are contrary to the *DOT*. *Ibid.* And "consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003).

The ALJ properly relied on the VE's opinion that there were jobs in the national economy that fell within the limitations of the plaintiff's RFC.

Second Objection

In her second objection, Williams argues that the RFC does not sufficiently reflect the effects of her two severe mental impairments, depression and anxiety. She contends that the ALJ did not adequately account for her moderate difficulties in maintaining concentration, persistence, and pace, which limit not only her ability complete complex tasks but also her ability to stay on

task whatsoever. Williams argues that the ALJ's failure to include these limitations in her hypothetical to the VE warrants remand.

Again, this is a new argument, which was undeveloped in the plaintiff's motion for summary judgment. The plaintiff may not pursue it at this stage of the case because she has forfeited it. *Murr*, 200 F.3d at 902 n.1 ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Even if the objection were to be considered, the ALJ's RFC determination adequately accounts for any restrictions that might have flowed from the plaintiff's moderate limitations in adaption, concentration, persistence, pace, or difficulty interacting with others.

\* \* \* \* \*

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered both of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 15) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 16) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 10) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 12) is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  September 29, 2023